UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYDNEY PETITE AND R.H., A MINOR** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 24-2033** |
| **COLIN JACOB HINDS** | **SECTION H** |

## ORDER AND REASONS

Before the Court is Defendant Colin Jacob Hinds' Partial Motion to Dismiss for Failure to State a Claim (Doc. 11). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Sydney Petite and Defendant Colin Jacob Hinds were married on August 5, 2016 and were divorced on January 5, 2021. In June 2018, the couple's 8-week-old son, R.H., awoke crying. Plaintiff alleges that Defendant became so enraged that he forcefully inserted a pacifier under the baby's tongue, causing severe damage and impairment to the tongue. Plaintiff alleges that as a result of the incident, R.H. suffered feeding and speech problems.

On the night of the incident, Plaintiff arrived to the scene as R.H. screamed "incessantly in pain, with blood gushing from his mouth."[1] Plaintiff alleges that she suffered mental anguish and emotional distress from viewing the scene and attending the child's subsequent treatments for several years.

---

[1] Doc. 1.

In this diversity case, Plaintiff brings claims against Defendant for state law domestic abuse and battery of R.H. and for her own mental anguish and emotional distress under Louisiana Civil Code article 2315.6. Defendant has moved to dismiss Plaintiff's emotional distress claims, arguing that they are prescribed. Plaintiff has not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, the Court will consider Defendant's Motion on its merits.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir.1985).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[4] *Id.*

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal,* 556 U.S. at 667.

[7] *Id.*

will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[9]

## LAW AND ANALYSIS

Defendant argues that Plaintiff's claim for mental distress as a bystander to her son's injury is time-barred and must be dismissed. The Louisiana Supreme Court has explained that "bystander damages are intended to provide a remedy when severe mental distress arises directly and immediately from the claimant's observing a traumatic injury-causing event to the direct victim," and to recover, "the claimant who observes the injury-causing event (or soon thereafter comes upon the scene of the injury) must be contemporaneously aware that the event has caused harm to the direct victim."[10] Accordingly, Plaintiff's injury occurred in June 2018 when she observed the harm to her son. At the time of her injury, the liberative prescriptive period of one year applied to all delictual actions under Louisiana law.[11] As such, Plaintiff's claim for bystander damages was time-barred after June 2019, but she did not file this action until November 2024.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's claim for emotional distress damages pursuant to Louisiana Civil Code article 2315.6 is **DISMISSED WITH PREJUDICE**.

---

[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[9] *Lormand*, 565 F.3d at 255–57.

[10] Whitfield v. City of New Orleans, 431 F.Supp. 3d 818, 824 (E. D. La. 2019) (quoting Trahan v. McManus, 728 So. 2d 1273, 1279 (La. 1999)).

[11] *See* LA. CIV. CODE art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). "The Louisiana legislature repealed the former Article 3492 and replaced it with Article 3493.1 and a two-year prescriptive period that applies "prospective[ly] . . . to delictual actions arising after" July 1, 2024." Parker v. Chet Morrison Contractors, LLC, No. CV 23-5122, 2024 WL 3970312, at *7 (E.D. La. Aug. 28, 2024).

New Orleans, Louisiana, this 5th day of March, 2025

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**