UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYDNEY PETITE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2033** |
| **COLIN JACOB HINDS** | **SECTION H** |

### ORDER AND REASONS

Before the Court is Defendant Colin Jacob Hinds's Motion for Summary Judgment (Doc. 17). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This diversity case arises out of an incident in which Plaintiff Sydney Petite alleges that Defendant Colin Jacob Hinds injured their son, R.H. Plaintiff and Defendant were married on August 5, 2016. Plaintiff alleges that in June 2018 Defendant became so enraged when the couple's 8-week-old son, R.H., awoke crying that he forcefully inserted a pacifier under the baby's tongue, causing severe damage and impairment to the tongue. Plaintiff alleges that, as a result of the incident, R.H. suffered feeding and speech problems. In July 2018, Plaintiff filed a Petition for Protection from Abuse on behalf of herself and her children against Defendant in the 22nd District Court for the Parish of St. Tammany, alleging the pacifier incident in support. In August 2018, Plaintiff filed for divorce. In September 2018, Plaintiff and Defendant entered into a consent judgment in the divorce proceeding in which Plaintiff agreed to dismiss the Petition for Protection

1

from Abuse in exchange for sole custody of her children. Based on the consent judgment, the Petition for Protection from Abuse was dismissed by the state court judge on September 20, 2018. On August 20, 2024, Plaintiff filed this action on behalf of R.H. against Defendant for state law domestic abuse and battery of R.H. as a result of the pacifier incident.

Now before the Court is Defendant's Motion for Summary Judgment, arguing that Plaintiff's claims are barred by *res judicata* in light of the September 20, 2018 order dismissing the Petition for Protection from Abuse. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant argues that the September 20, 2018 judgment of the state court has *res judicata* effect and precludes any claim for battery or abuse on behalf of R. H. against Defendant arising out of the pacifier incident.[9] When a federal court is asked to give *res judicata* effect to a state court judgment, it must give the same preclusive effect to the state court judgment as would be given by the courts of that state.[10] Louisiana *res judicata* law is governed by Louisiana Revised Statutes § 13:4231, which states in pertinent part that, "[i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] Defendant expressly limits his argument to the September 20, 2018 judgment and does not argue that the consent judgment dismissing the divorce proceeding has *res judicata* effect. Doc. 17-1 ("Mr. Hinds is not relying on the Consent Judgment or the judgment of dismissal of the Divorce Lawsuit as having res judicata effect.").

[10] Zatarain v. WDSU–Television, Inc., 79 F.3d 1143 (5th Cir. 1996); *see* 28 U.S.C. § 1738 (2014).

subsequent action on those causes of action." A party is precluded from bringing an action when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[11] "The doctrine of *res judicata* is *stricti juris*, and any doubt concerning application of the principle *of res judicata* must be resolved against its application."[12]

Plaintiff does not appear to contest that the September 20, 2018 state court judgment at issue satisfies the *res judicata* requirements. Rather, Plaintiff contends that exceptional circumstances prevent the application of *res judicata* here. Pursuant to Louisiana Revised Statutes § 13:4232, "[a] judgment does not bar another action by the plaintiff . . . [w]hen exceptional circumstances justify relief from the *res judicata* effect of the judgment." The jurisprudence has recognized that the exception for exceptional circumstances applies "to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system."[13] Plaintiff argues that exceptional circumstances exist here where Plaintiff's tort claim for damages—an ordinary proceeding—could not have been cumulated with the Petition for Protection from Abuse—a summary proceeding.

Indeed, the Louisiana Supreme Court has acknowledged that an exceptional circumstance exception to *res judicata* includes when a statutory

---

[11] Gabriel v. Lafourche Par. Water Dist., 112 So.3d 281, 284 (La. App. 1 Cir. 2013) (citing Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003)).
[12] Obi v. Onunkwo, 2021 WL 2905354 (La. App. 5 Cir. 2021).
[13] Bd. of Sup'rs of La. State Univ. v. Dixie Brewing Co., 154 So. 3d 683, 690 (La. App. 4 Cir. 2014) (internal quotation omitted).

4

scheme suggests that the plaintiff should be permitted to split his claim.[14] And Louisiana courts have held that a judgment in a summary proceeding cannot have *res judicata* effect on a later ordinary proceeding. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings."[15] In *Graci v. Gasper John Palazzo, Jr., L.L.C*, the Louisiana Fifth Circuit Court of Appeals held that the plaintiffs' claim for breach of contract damages was not precluded by the judgment in an earlier eviction proceeding even where they had raised the same arguments in defense of eviction.[16] It held that because the eviction proceeding was a summary proceeding, the "[p]laintiffs could not present their claims for damages and mitigation during that summary proceeding because these claims must be adjudicated during an ordinary proceeding."[17] Similarly, in *Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, the Louisiana Fourth Circuit Court of Appeals found that exceptional circumstances precluded the trial court's finding that the judgment in the first-filed mandamus proceeding was *res judicata* as to the later filed ordinary proceeding arising out of the same private works contract.[18] In *Avery v. CitiMortgage, Inc.,* the Louisiana First Circuit Court of Appeals held that *res judicata* did not prevent the plaintiff's claims for negligence and unjust enrichment because the prior "executory process lawsuit involved foreclosure of his residence through executory process" and he was "procedurally prohibited from bringing his ordinary negligence action in the

---

[14] Wallace C. Drennan, Inc. v. Kerner, 409 So. 3d 893, 902 (La. App. 5 Cir. 2024) (citing Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co., 666 So. 2d 624, 632 (La. 1996)).
[15] LA. CODE CIV. PROC. art. 2591.
[16] Graci v. Gasper John Palazzo, Jr., L.L.C., 30 So. 3d 915, 918 (La. App. 5 Cir. 2009).
[17] *Id.*
[18] Roy Anderson Corp. v. 225 Baronne Complex, L.L.C., 280 So. 3d 730, 737 (La. App. 4 Cir. 2019).

executory proceeding."[19]

Here, Plaintiff filed a Petition for Protection from Abuse pursuant to Louisiana Revised Statutes § 46:2131 et seq., the Domestic Abuse Assistance Act, requesting an ex parte temporary restraining order against Defendant because of an immediate and present danger of abuse. Plaintiff requested an order prohibiting Defendant from contacting, harassing, or abusing her or her children and restricting him from coming near her home.[20] The intent of the Domestic Abuse Assistance Act is "to provide a civil remedy for domestic violence which will afford the victim immediate and easily accessible protection."[21] It allows the Court, "[u]pon good cause shown in an ex parte proceeding," to "enter a temporary restraining order, without bond, as it deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent."[22] As such, it provides for a summary proceeding. Accordingly, just as in the statutory schemes discussed in the cases above, a petition for immediate protection under the Domestic Abuse Assistance Act is inconsistent with an action for tort damages through an ordinary proceeding. This Court finds exceptional circumstances justify relief from *res judicata* here.

In defense, Defendants rely heavily on the Louisiana Supreme Court's decision in *Hoddinott v. Hoddinott*.[23] There, the court held that exceptional circumstances did not preclude *res judicata* where the tort lawsuit at issue was based on the same allegations of domestic abuse that had been voluntarily dismissed with prejudice in a consent judgment to a divorce proceeding.[24] The reasoning of *Hoddinott* is easily distinguishable, however,

---

[19] 15 So. 3d 240, 244 (La. App. 1 Cir. 2009).
[20] Doc. 17-2.
[21] LA. REV. STAT. § 46:2131.
[22] *Id.* § 46:2135.
[23] Hoddinott v. Hoddinott, 258 So. 3d 588 (La. 2018).
[24] *Id.*

because, unlike here, the consent judgment dismissed the allegations of domestic abuse brought in the divorce proceeding—an ordinary proceeding. There was no Petition for Protection from Abuse at issue in *Hoddinott*.[25] Further, the court in *Hoddinott* emphasized the fact that the plaintiff obtained a substantial sum in the consent judgment in which she agreed to dismiss the domestic abuse claims, suggesting that she had already obtained damages for that tort.[26] Here, Plaintiff did not seek or receive—and indeed could not have sought or received—damages under the Domestic Abuse Assistance Act. Accordingly, *Hoddinott* does not control the outcome here.[27] This Court holds that exceptional circumstances preclude the application of *res judicata* on these facts.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana, this 30th day of July, 2025

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Id.*

[26] *Id.*

[27] Defendant cites to Louisiana appellate court cases that are also distinguishable. In *Graugnard v. Graugnard*, the court specifically noted that the relator did not plead that exceptional circumstances prevented *res judicata*. 342 So. 3d 1022, 1029 (La. App. 4 Cir. 2022). In *Ataya v. Suanphairin*, the court held that a petition for protection of abuse was *res judicata* as to the arguments of sexual abuse made in an ex parte motion for sole custody. 378 So. 3d 259, 264 (La. App. 5 Cir. 2023). But there, the subsequent motion was filed in the same district court proceeding. *Id.*